## CIRCUIT COURT OF THE CITY OF RICHMOND

Debbie Robinson

v.

Commonwealth of Virginia

August 9, 1995

Case No. HG-373-1

BY JUDGE MELVIN R. HUGHES, JR.

This is a grievance appeal by a state employee after a decision denying that the matter in question is grievable. In these cases, after a finding of grievability, the matter is eligible to progress to a panel hearing.

The employee, Debbie Robinson, alleges that her annual performance evaluation rendered in November, 1994 was "discriminatory, arbitrary, and capricious" and has asked for a "correction." Virginia Commonwealth University (VCU), where Robinson is employed as a programmer in the library, argues that the evidence that Robinson's evaluation was arbitrary and capricious is lacking. Failing that, VCU asks that the court find the matters in dispute nongrievable.

In several areas of the performance evaluation Robinson's supervisor rated her as, "Does not meet expectations." These areas are: applications development, communications, inventory and documentation/reports. These are considered three areas of evaluation. Out of a total of six areas Robinson was rated "meets expectation" on one and "fair but needs improvement" on two others. The "do not meet expectation" ratings of which Robinson mainly complains center around her supervisor's comments that Robinson failed to complete projects within times specified, failed to maintain acceptable written documentation during the development of program applications, and that she failed to advise the supervisor of being enrolled in a class at the university during work hours.

The file contains a number of memoranda from Robinson indicating why she excepts to the ratings. It also contains a number of memos from

Robinson to her supervisor and others and from her supervisor and others to Robinson regarding the work before the evaluation was rendered. Many of these appear to be computer generated, contemporaneously done, intra-office communications about the work and other aspects of office matters. In some of the memos from Robinson she disputes the work to be done, methodology and attitudes of others.

On this record the court finds that the performance evaluation in question was not arbitrary or capricious. Arbitrary would include that the evaluation was done without a reasoned basis, only by the will or by whim of the evaluator. Capricious would include that the evaluation was done without an apparently proper motive, by whim or for a flimsy reason.

Although one might disagree with the evaluation or the reasons assigned for them, there is adequate documentation in the record to support that it has a reasoned basis. By necessity, a performance evaluation is in many ways a supervisor's opinion. All the law requires is that it have some basis. By the memos and other documents in the file Robinson has provided a good response to many of the complaints and observations others have made about her and her work. There is a basis for Robinson's opinion about herself as well, but the fact that the court can see from the record that both Robinson's and her supervisor's comments have support does not detract from the notion that the supervisor's evaluation is supportable. There is also no evidence of discrimination, either direct or by disparate treatment, to support this claim.

There are matters reserved to management whereby it has the right to manage the affairs and operations of state government. See § 2.1-116.06(B). Performance evaluations which are not arbitrary or capricious are one of them.

Ms. Reed can provide an order providing that the court has found this appeal nongrievable.