## CIRCUIT COURT OF THE CITY OF RICHMOND

Anna S. Duke

v.

Commonwealth of Virginia,
Department of Motor Vehicles

November 18, 1999

Case No. HK-1444-1

By Judge Melvin R. Hughes, Jr.

In this proceeding, Duke, a state employee with the Virginia Department of Motor Vehicles, seeks a determination by the court that her objections to a 1997-1998 performance evaluation are grievable. Toward that end, she asks that the court direct that there be a hearing pursuant to Va. Code § 2.1-116.06(A). The Statute says that performance evaluations qualify for a hearing if "arbitrary or capricious."

Duke is employed as a Programming/Systems Development Supervisor. She initiated this grievance procedure stating that "my performance evaluation … be redone to more accurately reflect my true exceptional performance for my 1997-1998 evaluation period, with a corresponding retroactive raise in pay."

The performance evaluation contains seven job elements. For elements 1, 2, 4, and 5 Duke was rated "meets expectation." For elements 3, 6, and 7 she was rated "exceeds expectation."

Duke claims that the evaluator, her supervisor Gene Greenwood, had no job related facts to explain the ratings he gave. By way of summary, Duke presents the following issues.

(1) Greenwood failed to communicate his expectations on a regular basis such that the ratings he gave came as a complete surprise.

(2) Greenwood's statements in the evaluation are inaccurate, and indeed are false.

(3) Greenwood did not take everything into consideration and therefore the evaluation is lacking in balance.

Essentially, Duke contends that the various things or occurrences described in the evaluation simply did not happen or are false. Duke has submitted her affidavit to this effect and argues that this sets up a factual dispute that only a hearing can resolve.

More specifically, and by way of example, Duke makes the following contentions as to certain of the job elements listed in the evaluation.

Job Element # 1: Duke alleges that Greenwood improperly rated her on refusing to accept a position as coordinator in a Y2K project when she asked not to be assigned the position due to a stress related illness.

Job Element # 2: This element deals with supervisory functions. Greenwood found that Duke was not supportive of personnel in DMV's MISA program. (MISA stands for *M*anagement *I*nformation *S*ystems *A*dministration, one of DMV's internal divisions.)

Job Element # 3: Duke maintains she was supportive and that Greenwood's assessment is in retaliation for an e-mail she sent to him requesting that he speak to her in a "calm, productive, respective manner."

Job Element # 4: This element deals with teamwork. Duke claims that the evaluation paints her teamwork abilities as only mediocre.

Job Element # 5: On this, Greenwood stated that Duke "notifies management and users when problems arise, which could adversely impact delivery of service to customers." Duke argues that this evaluation makes her communication skills seem mediocre.

There are five potential ratings an employee can receive: Exceptional, Exceeds Expectation, Meets Expectation, Fair But Needs Improvement, and Does Not Meet Expectation. As noted Duke scored Meets Expectation on four elements and Exceeds Expectation on three others, for a total of seven elements comprising the evaluation. In essence, Duke posits an entitlement for a hearing on the basis that she should have either received a higher rating or that the facts mentioned in support of them are false. The question for the court is whether the evaluation is supported by facts such that it is not a product of arbitrary or capricious action. The court concludes that Duke has not made such a showing.

The court has said that arbitrary means that the evaluation was done without a reasonable basis, only on the whim or will of the evaluator. Capricious means that it was done without any apparent motive, by whim, or

for a flimsy reason. *Robinson v. Commonwealth of Virginia*, 36 Va. Cir. 509 (1995).

Duke points to differences in the facts outlined in the various job elements, and she claims that some of the facts are false or untruthful. When one reads the evaluation, with respect to each job element discussed, facts are presented upon which the evaluator relies in making the assessment relative to the subject matter of the element involved. Merely disagreeing with the facts or stating that there is additional information available, including saying what is stated is false, is not sufficient to make a case of arbitrary or capricious. Merely disagreeing is not sufficient in the context of a court review of employee grievability relative to performance evaluation under the statutory standard and scheme allowing such review. Merely disagreeing or saying "it ain't so" is not sufficient to invoke a hearing. What needs to be apparent is the evaluator's resort to facts and matters which have no reasoned basis or are whimsical. Here, the record falls far short of any such showing.

For these reasons the request for a panel hearing is denied.